[No. 4011.    Decided May 2, 1902.]

LESTER SLY *et al., Respondents,* v. PALO ALTO GOLD MIN- ING COMPANY, *Respondent,* R. INSINGER, *Appellant.*

PLEADING — OBJECTIONS RAISED BY DEMURRER — FAILURE TO ALLEGE CORPORATE CAPACITY OF DEFENDANT.

A general demurrer to a complaint in an action against a cor- poration will not raise the objection that it fails to allege the in- corporation of the defendant company.

SAME — AVERMENT OF SEPARATE CAUSES OF ACTION BY REFERENCE.

The objection that a complaint, for portions of its second, third and fourth causes of action, alleges that certain paragraphs of the first cause of action are repeated and made a part of the succeeding causes set forth cannot be raised by demurrer.

MECHANICS' LIENS — JUDGMENT ON PLEADINGS — INCLUSION OF CON- TIGUOUS PREMISES.

In an action for the foreclosure of mechanics' liens, where a complaint alleges the furnishing of labor and materials for the improvement of a designated mining claim, and then adds it is contiguous to and adjoining another designated claim held and op- erated by defendant as a group, and that the materials so fur- nished were for the development of both lodes which were held by defendant as constituting one mine, a decree including both mining claims is warranted in giving judgment on the pleadings, where there is no denial of the allegations of the complaint.

Appeal from Superior Court, Ferry County.—HON. CHARLES H. NEAL, Judge.    Affirmed.

*A. E. Gallagher,* for appellant.

*J. P. DeMattos* (*Jesseph & Jesseph,* of counsel), for despondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to foreclose several mechanics' liens by L. Sly & Co., composed of Lester Sly and Charles Herrman, and Behne, Nichols, and Meyers, plaintiffs, against Palo Alto Gold Mining Company, a corporation, and Insinger, defendants. The complaint alleged four causes of action. The first, in substance, was the partnership of L. Sly & Co., and that in December, 1900, said plaintiffs furnished materials which were used in the construction, alteration, and repair and development and improvement of the Palo Alto lode mining claim in Ferry county, and stating the value of the materials, and that the sum was due and unpaid, and that a claim of lien had been duly filed for the same; that the Palo Alto lode mining claim is contiguous to and adjoining the November Fraction lode mining claim, which claims were held and operated as a group by the defendant company, and the materials so furnished were for the development of said lodes which were held by defendant company as constituting one mine; that the defendant Insinger has, or claims to have, a mortgage on the said mining claims, and that said mortgage is junior and inferior to the lien of plaintiffs. The second cause of action alleges that plaintiff Behne performed labor for the defendant, and states the terms of the contract and the amount due and unpaid, and that a claim of lien had been duly filed and recorded, and refers to, repeats, adopts, and makes a part of this cause of action paragraphs 3, 4, and 5 of the first cause of action, except that plaintiff Behne's claim is for labor, instead of for materials, as set forth in the fourth paragraph of the first cause of action.

And the substance of the allegations of the 3d and 4th causes of action are the same as the second. Defendants appeared, and filed general demurrers to each cause of action. Thereafter the demurrers were overruled, and defendants announced they would not further plead, and their default was entered for want of answer, and findings of fact and conclusions of law entered by the court, and decree given for the plaintiffs. The appeal is from the decree.

The assignments of error urged here are the overruling of the demurrers and the entering of the decree against defendants. It is urged that the failure to allege the incorporation of the defendant company made the complaint fatally defective. If this contention had not been made in the brief, the general demurrer would not have suggested such objection. Nothing seems to be wanting in the name by which defendant is sued. It appears and pleads to such name. It is sufficient to say that no question of the nature mentioned is raised by the demurrer.

The next objection by counsel for appellant is that the reference to parts of the first cause of action, and the statement that they are repeated and made a part of the second, third, and fourth causes of action, is insufficient, in the face of the demurrer, and insufficient to support the decree. It need not here be inquired whether a repetition of these parts of the first cause of action in the manner made would be good against an appropriate motion. The statement, as made, is sufficient as against the general objection now made in the form in which it is presented. And the objection made to the inclusion in the decree of the November Fraction Mining claim is without merit. The allegation of the complaint, in the absence of a denial, is sufficient to show that the labor and the materials

were furnished for the joint improvement of the mining claims mentioned.

The decree is affirmed.

DUNBAR, MOUNT, ANDERS, FULLERTON, HADLEY and WHITE, JJ., concur.